**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF ARKANSAS**
**JONESBORO DIVISION**

**JOHN WILLIE REED, JR.**                                                        **PLAINTIFF**
**ADC #155464**

**V.**                            **CASE NO. 3:13CV00203 BSM**

**SHAUN HAIR et al.**                                                              **DEFENDANTS**

**ORDER**

Plaintiff John Willie Reed, Jr., an Arkansas Department of Correction ("ADC")

inmate, filed this case *pro se* under 42 U.S.C. § 1983.  [Doc. No. 1].  His request to proceed

*in forma pauperis* [Doc. No. 3] is granted.  After careful review, however, it is concluded

that Reed's complaint [Doc. No. 1] should be dismissed.

I. *IN FORMA PAUPERIS* APPLICATION

Prisoners who are allowed to file civil actions *in forma pauperis* still must pay a

$350.00 filing fee.  28 U.S.C. §1915(b)(1).  Because these plaintiffs cannot afford to pay the

filing fee in a lump sum, money is withdrawn from their prison trust fund accounts in

monthly installments.  28 U.S.C. § 1915(b)(1)-(2).

Based on information in the calculation sheet attached to Reed's IFP application, he

does not have sufficient funds to pay any part of the filing fee at this time.  His custodians,

however, are obligated to collect monthly payments equal to 20% of the preceding month's

income credited to Reed's prison trust account each time the amount in the account exceeds

$10.00, until the $350.00 filing fee is paid in full.  These payments should be clearly

identified by the name and number assigned to this action.  The clerk of the court is directed

to send a copy of this order to the Arkansas Department of Correction Trust Fund Centralized

Banking Office, P.O. Box 8908, Pine Bluff, Arkansas 71611, the Arkansas Department of

Correction Compliance Division, P.O. Box 20550, Pine Bluff, Arkansas 71612, and the

Warden/Director of the Ouachita County Detention Center, 109 Goodgame Street, Camden,

Arkansas 71701.

## II. SCREENING

In cases filed by prisoners against state actors, any claim that is frivolous or malicious,

fails to state a claim upon which relief may be granted, or seeks monetary relief from a

defendant who is immune from such liability must be dismissed.  28 U.S.C. § 1915A(b).

Here, Reed has sued Shaun Hair, a public defender for Crittenden County, Boone

Nance, prosecuting attorney for Crittenden County, and the State of Arkansas, seeking

release from custody and money damages.

A public defender is not acting under color of state law when performing a lawyer's

traditional functions as counsel to a defendant in a criminal proceeding.  *Polk County v.*

*Dodson*, 454 U.S. 312, 325 (1981); see also *Finch v. Miller*, 491 F.3d 424, 427 (8th Cir.

2007).  Because Hair is not a state actor, Reed has no federal claim against him.  Likewise,

Nance, as a prosecuting attorney, is immune from civil liability under § 1983.  *Imbler v.*

*Pachtman*, 424 U.S. 409, 431 (1976).  This is true because "absolute immunity covers

prosecutorial functions such as the initiation and pursuit of a criminal prosecution, the

presentation of the state's case at trial, and other conduct that is intimately associated with

the judicial process." *Brodnicki v. City of Omaha*, 75 F.3d 1261, 1266 (8th Cir. 1996).

Similarly, the State of Arkansas cannot be sued for money damages because it  has not

waived its sovereign immunity, nor did Congress abrogate that immunity when it enacted §

1983.  See *Hadley v. N. Ark. Cmty. Tech. Coll.*, 76 F.3d 1437, 1438 (8th Cir. 1996).

Even if defendants were subject to suit under § 1983, Reed's claims would still fail

because he cannot seek release from custody in an action brought under 42 U.S.C. § 1983.

That relief can only be granted in a habeas corpus action.  *Wilson v. Lockhart*, 949 F.2d 1051,

1051-52 (8th Cir. 1991).

Therefore, Reed's claims are dismissed with prejudice.  It is also certified that an *in*

*forma pauperis* appeal of this dismissal would be frivolous and not taken in good faith.

Further, this dismissal will count as a "strike" for purposes of 28 U.S.C. § 1915(g).

IT IS SO ORDERED this 6th day of November 2013.

_____
UNITED STATES DISTRICT JUDGE